**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKEITH AMIR-SHARIF, #05081644,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0143-K |
| | ) | ECF |
| **DALLAS COUNTY, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas.

Defendants are Dallas County, Sheriff Lupe Valdez, Parkland Memorial Hospital, Jail Health Coordinator for Parkland Memorial Hospital Susan Philips, Dr. Steven Bowers, the University of Texas Medical Branch, Dallas County Commissioner Kenneth Mayfield, and Chief Deputy Edgar L. McMillian, Jr.

The Court did not issue process in this case, pending preliminary screening. On February 23, 2006, the Magistrate Judge issued a questionnaire to Plaintiff. On April 13, 2006, Plaintiff

filed his amended complaint, and on April 19, 2006, he filed his answers to the Magistrate Judge's questionnaire.

Statement of Case: The Amended Complaint challenges the conditions of confinement at the Dallas County Jail over three separate periods of incarceration in at least five different housing units. The Amended Complaint also challenges *inter alia* (a) the denial of access to the jail law library and indigent supplies, (b) the opening and tampering of incoming and outgoing mail and the removal of objects, (c) the denial of access to reading, educational and self-help materials, (d) oppressive practices to maintain order, including the excessive use of force, (e) the denial of medical care, and (f) inadequacies in the prison grievance process and disciplinary proceedings.

Plaintiff files this case on his behalf and on behalf of all inmates who are presently and who in the future will be incarcerated at the Dallas County Jail, especially its Behavior Observation/Psychiatric Unit, where Plaintiff was incarcerated from October 12, 2005, until shortly after the filing of the original complaint on January 20, 2006. He relies on 42 U.S.C. § 1983, as well as "ADA, RFRA and CRIPA."

Since the filing of the Amended Complaint, Plaintiff has filed a motion to add the names of additional plaintiffs and has renewed his request for ruling on all his pending motions, which include his motions to appoint counsel, for class certification, for clarification of court filing fee order, for hearing concerning his grievances, for temporary restraining order, for copies of legal citations, to compel the Sheriff to address emergency grievances, and for temporary restraining order and injunction.[1]

---

[1] This is not Plaintiff's first action. On January 12, 2006, Plaintiff filed his first civil rights complaint in this Court, challenging the denial and delay of medical care at the Dallas County Jail. See Amir-Sharif v. Dallas County, 3:06cv0081-B (N.D. Tex., Dallas Div.)

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).[2]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).[3]

---

(initially assigned to Magistrate Judge Stickney for screening). On March 6, 2006, he filed yet another complaint challenging an excessive force incident on May 8, 2005, by Officer Jay Abell, the denial of medical care for injuries to his arm following the excessive use of force, and the failure to train and supervise Officer Abell. See Amir-Sharif v. Valdez, et al., 3:06cv0408-M (N.D. Tex., Dallas Div.) (referred to Magistrate Judge Sanderson).

    [2]    42 U.S.C. § 1997e(c)(1) also provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

    [3]    While exhaustion of administrative remedies is mandatory, see 42 U.S.C. § 1997e(a), Plaintiff specifically challenges the adequacy of the inmate grievance procedure at the

1.      Plaintiff's Motions to Add Additional Plaintiffs and for Class Certification

Plaintiff seeks to add nine additional plaintiffs to this case and to certify the case as a class action. He relies on an Unsworn Declaration filed on February 9, 2006, which was signed by the nine new plaintiffs, as proof that they are willing to be added to this action. None of these individuals signed the Amended Complaint or the motion to add additional plaintiffs. Nor did they submit a motion for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) requires each prisoner plaintiff to pay the court filing fee regardless of whether prisoners join in one action or each file an individual action. See 28 U.S.C. § 1915(b)(1); Boriboune v. Berge, 391 F.3d 852, 854-56 (7th Cir. 2004) (the PLRA obliges prisoners in a joint action seeking to proceed in forma pauperis to pay one filing fee per prisoner, rather than splitting one filing fee); Hubbard v. Haley, 262 F.3d 1194, 1197-1198 (11th Cir. 2001) (PLRA did not permit group of prisoners bringing *in forma pauperis* § 1983 action against corrections officials to join claims and thereby divide single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of same transaction or occurrence and involved common question of law; finding that PLRA required separate action and payment of full filing fee by each prisoner).

Even assuming the nine new plaintiffs would be willing to comply with the PLRA filing fee requirement, this Court must determine whether joinder of their claims would be proper under Rule 20, Federal Rules of Civil Procedure. Rule 20 provides that:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and

---

Dallas County Jail in his Amended Complaint. See also Plaintiff's motions for hearing and to compel Sheriff to respond to emergency grievances, filed on April 27 and May 17, 2006.

any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"Courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20, of the Federal Rules of Civil Procedure." Richardson v. Morris County Correctional Facility, 2006 WL 1582076 (D.N.J. Jun. 5, 2006) (citing Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006)). Among the concerns noted are the possibility of inmate transfers, security, and the need for each individual plaintiff to represent himself and sign each pleading related to his claims under Fed. R. Civ. P. 11(a).[4] Richardson, 2006 WL 1582076, *1-2. "Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." Id. at *2.

Moreover, the Amended Complaint raises claims that require individualized screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, Plaintiff's Motion to Join Additional Plaintiffs should be denied.

Plaintiff's Motion for Class Action Certification should also be denied. Plaintiff has not complied with Local Rule 23.1 and 23.2 regarding the institution of class actions. In any event, it is not appropriate to allow *pro se* litigants to serve as class representatives. The United States Tenth Circuit Court of Appeals has noted:

---

[4] Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written, motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."

> Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); Griffin v. Foti, 2004 WL 98713, *1 (E.D.La. 2004).

2.  Plaintiff's Individual Claims

  a.  Duplicate Claims

Among the general conditions of confinement claims raised in the Amended Complaint, Plaintiff challenges the denial of adequate medical care for his chronic and pre-existing medical conditions. He also challenges the excessive force incident of May 8, 2005, and the denial of medical care following that incident. The above claims are repetitive of claims presently pending before other District Judges in the Dallas Division. Plaintiff is presently litigating the denial of medical care for his chronic and pre-existing conditions in Amir-Sharif v. Dallas County, et al., 3:06cv0081-B (N.D. Tex. Dallas, Div.), and the excessive use of force by Officer Jay Abell and the denial of medical care following that incident in Amir-Sharif v. Valdez, et al., 3:06cv0408-M (N.D. Tex., Dallas Div.).

Accordingly, the District Court should dismiss from this case any claims related to the denial or delay of medical care at issue in No. 3:06cv0081-B, and any claims related to the May 8, 2005 excessive force incident and the subsequent denial of medical care at issue in No. 3:06cv0408-M. C.f. Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (the court may properly dismiss an action when it "duplicates allegations of another pending federal lawsuit by the same [person].") All Defendants sued in connection with the alleged denial of medical care in No. 3:06cv0081-B --i.e., Defendants Parkland Memorial Hospital, Jail Health Coordinator

Susan Phillips, Dr. Steven Bowers, and the University of Texas Medical Branch -- should likewise be dismissed from this case.

  b. <u>Remaining Claims</u>

The Amended Complaint seeks only injunctive and declaratory relief on behalf of all inmates incarcerated at the Dallas County Jail. (Amended Complaint at 4-LL - 4-MM). In the Notice filed on April 21, 2006, Plaintiff advises the Court that he is seeking monetary relief against the Defendants with respect to his individual claims, and injunctive and declaratory relief in the event his case is certified as a class action. (Docket #32).[5] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's April 21, 2006 Notice as a supplement to the Amended Complaint. The Court will, thus, screen Plaintiff's Amended Complaint on the assumption that he is seeking monetary, declaratory and injunctive relief as did his original complaint.

  (1) <u>Denial of Access to the Court and Indigent Supplies</u>

Plaintiff asserts that Defendants denied him adequate access to the law library and indigent writing and mailing supplies since his re-incarceration on October 11, 2005. Although Plaintiff is represented by court appointed counsel in the state criminal proceedings presently pending against him, he has a family court matter that he has been litigating *pro se* since

---

[5] The "Notice to the Court That Damages are Being Sought," filed on April 21, 2006, reads in part as follows:
> damages are sought only for the named plaintiffs as individuals and that injunctive and declaratory relief is sought for the named plaintiffs and the rest of the class, if and when class certification is granted in the above styled and numbered lawsuit . . . . In the event that this Court does not grant class certification, the plaintiff advises the Court the [sic] he does seek compensatory and punitive damages against each and all of the named defendants for an undetermined sum of money) and requests that the Court acknowledge this, so that at the appropriate time the plaintiff will be allowed by the Court to either amend his complaint . . . .

February 2005.  (Answer to Question 17).  He references No. CV05-00157 in the 292nd District Court, and No. 05-06-00446-CV in the Fifth District Court of Appeals.  He states that he needs to vindicate his "legal rights," file divorce papers and a "replevin complaint, and pursue his legal rights against an insurer and adjuster who have misrepresented facts to accuse him of a crime to avoid paying a fair settlement."  (Id.).

Plaintiff's claims of denial of access to the law library must be analyzed under the more general right of access to the courts.  In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts.  See also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  "This right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'"  Id. at 310-311 (quoting Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996)).  Before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.  See also McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Lewis, 518 U.S. at 353 n. 4.

Plaintiff cannot satisfy the "actual injury" requirement.  Plaintiff seeks to access the law library to litigate family law and insurance matters that are unrelated to his criminal charges or the conditions of his confinement.  See Lewis, 518 U.S. at 355 (right of access for prisoners is limited to ability to present nonfrivolous legal claims challenging convictions or conditions of

confinement); <u>Johnson</u>, 110 F.3d at 310-11 (same).  Moreover, the docket sheet for appeal number 05-06-00446-CV reflects the 292nd District Court entered judgment on October 6, 2005, before Plaintiff's re-arrest and incarceration on October 11, 2005.  Since Plaintiff did not file his notice of appeal until December 22, 2005, the Fifth District Court of Appeals dismissed the appeal for want of jurisdiction as untimely filed on June 12, 2006.  In light of the untimeliness of the notice of appeal in No. 05-06-00446-CV, this Court cannot find that Plaintiff had any supportable claim which was harmed by the alleged denial of access to the law library.  Generally the filing of a notice of appeal does not require legal research, and Plaintiff has not presented any arguments to the contrary.  Absent any cognizable injury or prejudice, Plaintiff cannot raise a claim for denial of access to the courts or the law library.

Nor can Plaintiff raise a claim of denial of access to the law library in connection with his pending criminal case.  As noted above, he concedes being represented by appointed counsel.  (Answer to Question 17).  When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings.  <u>See Caraballo v. Federal Bureau of Prisons</u>, 124 Fed. Appx. 284,  285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense); <u>Gordon v. Police Jury of Jefferson Davis Parish</u>, 2001 WL 1468183, *1 (5th Cir. 2001) (unpublished per curiam) (state inmate who was represented by counsel in criminal proceeding was not entitled to relief on claim that he did not have access to law library).

Accordingly, Plaintiff's claims of denial of access to the law library lack an arguable basis in law and should be dismissed with prejudice as frivolous.  Plaintiff's motion for temporary restraining, which complains of the denial of access to the law library since his re-

arrest on October 11, 2005 (Docket #38 filed on May 4, 2006), and his motion for copy of legal citations (Docket #39 filed on May 4, 2006) should be denied as moot.[6]

Despite the numerous and lengthy filings in this and other cases during the last six months, Plaintiff's claims of denial of access to indigent writing and mailing supplies is of concern. In his most recent Notice to the Court "regarding defendants' impeding and denying access to the courts," Plaintiff states that he "continues to be forced to sell his food tray and food items in order to obtain the necessary materials for his legal correspondence and preparing legal motions for the courts both state and federal." (See Docket #48 at 2 filed on June 22, 2006). Accordingly, it is recommended that the District Court issue process on this claim.

(2) American with Disability Act (ADA )

Plaintiff's ADA claim is premised on jail visitors having to stand for hours regardless of their physical status or handicap – i.e., pregnancy, age, and wheelchair bound. (Amended Complaint at 4-Q). Plaintiff lacks standing to litigate claims on behalf of jail visitors.

(3) Conditions of Confinement

42 U.S.C. § 1997e(e) requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody. See 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (quoting Siglar v.

---

[6] With regard to the latter motion, the Court notes that it does not provide copy of legal opinions to litigants. Moreover, the Dallas County Jail, North Tower Jail Law Library, presently has an updated copy of this Court's local rules, which Plaintiff requests a copy.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original).

Plaintiff cannot allege a sufficient physical injury with respect to his condition of confinement claims to support a claim for monetary relief. Plaintiff complains of sleep deprivation, constant headaches due to high noise level, weight loss due to lack of a nutritional diet, and exposure to TB. (Answer to Question 2, 8, and 11). Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more. Plaintiff does not allege that he suffered from side effects which required medical attention as a result of the above conditions. Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (concluding that nausea, which was not severe enough to warrant medical attention, was de minimis). Moreover, Plaintiff has not alleged any present physical injury as a result of his alleged exposure to TB. (Answer to Question 3).

Accordingly, Plaintiff's claim for monetary relief on his conditions of confinement claims should be dismissed with prejudice for failing to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e). Otherwise process should issue on Plaintiff's claim for injunctive or declaratory relief with respect to the conditions of his confinement.[7]

### (4) Remaining Claims

Accepting as true Plaintiff's remaining allegations, the Court concludes that Plaintiff has arguably raised claims on which process should issue as to Defendants Dallas County, Sheriff Valdez, Commissioner Mayfield, and Chief McMillian.

---

[7] The prohibitive feature of 42 U.S.C. § 1997e(e), requiring a physical injury before recovery of compensatory damages for psychological injury under the PLRA, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (holding that requests for declaratory and injunctive relief to end allegedly unconstitutional conditions of confinement survived the PLRA's physical injury requirement).

3.      Pending Motions

On March 6, 2006, Plaintiff filed his second motion for the appointment of counsel. (Docket #14). Previously on January 31, 2006, the Court had informed Plaintiff that no motions for appointment of counsel should be filed until the Court had completed its statutory screening function. (See Filing fee Order at ¶ 8). A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982) (same). Moreover, Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel. See Ulmer, 691 f.2d at 212 (the trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983, unless the case presents exceptional circumstances). Therefore, the second motion for appointment of counsel should be denied.

On March 23, 2006, Plaintiff filed a motion seeking clarification of the Court's filing fee order filed on January 31, 2006. This motion should also denied. This Court previously advised Petitioner about the Prison Litigation Reform Act (PLRA), and that the filing fee provision of 28 U.S.C. § 1915(b) applies on a per case as opposed to on a per prisoner basis. (See May 5, 2006 Order (Docket #40) denying motion to stop violation of the PLRA).

On April 27, 2006, Plaintiff filed a motion seeking an evidentiary hearing concerning the grievance procedure at the Dallas County Jail. (See Docket # 35). On May 17, 2006, he filed a motion seeking to compel the Sheriff to address his emergency grievances. (See Docket #43). He complains that the Dallas County Jail is "subjecting Plaintiff to acts of reprisal, retaliation and disparity in treatment." He points to his recent relocation to a top-floor cell, top bunk on the fourth floor of the North Tower (Cell 4E9), despite his history of epileptic seizures. He also points to delay in receiving his property. In his May 18, 2006 Supplement, Plaintiff alleges that

on May 16, he was reassigned once again to a top-floor cell, top bunk on the sixth floor of the North Tower (Cell 6E2).   (Docket #45).   He reiterates that these reassignments were retaliatory in nature and very dangerous in light of his history of epileptic seizures.

The grievance procedure at the Dallas County Jail is one of the many claims at issue in Plaintiff's Amended Complaint.  Since the Magistrate Judge has recommended that process be issued on this claim, Plaintiff's motions regarding the grievance procedure should be denied at this time.[8]

Plaintiff's motion for reconsideration (Docket #36 filed on May 19, 2006), requests reconsideration of the Court's April 19, 2006 ruling (Docket #28), denying his motion for a temporary restraining order and preliminary injunction with respect to the mail tampering claim and the claim related to the ban on the receipt of reading, educational and self-help materials. Plaintiff notes that the Amended Complaint pleads both of those claims and, thus, that they are now properly before the Court.

The Magistrate Judge has recommended that process be issued on the mail tampering claim and the claim related to the ban on the receipt of reading, educational and self-help materials.  Moreover, Plaintiff cannot establish he is entitled to a temporary restraining order or a preliminary injunction.  See Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987) (a party seeking a temporary restraining order or a preliminary injunction must prove (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened  harm to the defendant; and (4) that the granting of the

---

[8]     Insofar as Plaintiff seeks to challenge his new cell assignment, the Court notes that his claims are not pled in his Amended Complaint.

preliminary injunction will not disserve the public interest).  Accordingly, Plaintiff's motion for reconsideration (Docket #36) should be denied.[9]

In his last motion filed on May 25, 2006, Plaintiff seeks a temporary restraining order and/or a preliminary injunction.  (Docket #46).  He again complains of his recent top floor top bunk reassignment, which he claims was done in retaliation and reprisal.  He also complains of the delay in receiving medications that Dr. Perueen Malik had prescribed on May 19, 2006, for his chronic medical conditions, asthma and epilepsy.

Plaintiff's complaint about his recent relocation to the North Tower is not pled in his Amended Complaint.  Moreover, any claim related to the denial or delay of medical care for Plaintiff's chronic medical conditions is presently being litigated in No. 3:06cv0081-B.  Even assuming, Plaintiff can satisfy the pleading requirement, he cannot establish that he is entitled to a temporary restraining order or a preliminary injunction.  See Clark, 812 F.2d at 993.  Accordingly, Plaintiff's motion for a temporary restraining order and/or a preliminary injunction (Docket #46) should be denied.

---

[9] On May 17, 2006, Plaintiff filed an interlocutory notice of appeal seeking to appeal the denial of his motion for TRO and/or preliminary injunction filed on April 19, 2006.

RECOMMENDATION:

    For the foregoing reasons, it is recommended as follows:

(1)     Plaintiff's Motions to Join Additional Plaintiffs and for Class Action Certification (Docket # 15 and #33) should be DENIED;

(2)     Plaintiff's claims related to the denial or delay of medical care at issue in No. 3:06cv0081-B, and his claims related to the May 8, 2005 excessive force incident and the subsequent denial of medical care at issue in No. 3:06cv0408-M, should be DISMISSED without prejudice from this case because they are duplicative;

(3)     Defendants Parkland Memorial Hospital, Jail Health Coordinator Susan Phillips, Dr. Steven Bowers, and the University of Texas Medical Branch -- who are being sued in connection with the alleged denial of medical care at issue in No. 3:06cv0081-B -- should be DISMISSED from this case;

(4)     Plaintiff's claims challenging the denial of access to the jail law library and ADA violations should be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B);

(5)     Plaintiff's claim for monetary relief on his conditions of confinement claims should be DISMISSED for failing to meet the physical injury requirement of 42 U.S.C. § 1997e(e);

(6)     Process should be ISSUED on Plaintiff's remaining claims as to Defendants Dallas County, Sheriff Valdez, Commissioner Mayfield, and Chief McMillian;

(7)     Plaintiff's motion for court ruling on all pending motions (Docket #41) should be GRANTED, and Plaintiff's motions to appoint counsel, for clarification of court filing fee order, for hearing concerning grievance, for reconsideration, for temporary restraining regarding denial of access to the jail law library, for copies of legal citations, to compel sheriff, and for temporary restraining order and preliminary injunction (Docket # 14, 15, 29, 33, 35, 36, 38, 39, 43, and 46) should

be DENIED.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 17th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.