IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKEITH AMIR-SHARIF, # 05081644,    ) | |
|     Plaintiff,    ) | |
| ) | |
| v.    ) | 3:06-CV-0143-K |
| ) | ECF |
| DALLAS COUNTY, et al.,    ) | |
|     Defendants.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference (doc. 62), this case has been referred to this Court for pretrial management. Before this Court is Defendants' Cross Motion for Summary Judgment (doc. 134). For the reasons stated below, the motion should be granted.

**I.**

This is a *pro se* civil rights action brought by a Dallas County inmate, Lakeith Amir-Sharif (the "Plaintiff") pursuant to 42 U.S.C. § 1983 ("§ 1983") against defendants Dallas County; Sheriff Lupe Valdez; Parkland Memorial Hospital; Jail Health Coordinator, Susan Philips; Jail Medical Director, Dr. Steven Bowers; the University of Texas Medical Branch; Commissioner Kenneth Mayfield; and Chief Deputy Edgar L. McMillan, Jr.

On February 23, 2006, this Court issued a questionnaire to Plaintiff. On April 13, 2006, Plaintiff filed his amended complaint, and on April 19, 2006, he filed is answers to this Court's questionnaire. Plaintiff's amended complaint challenges the conditions of confinement at the Dallas County Jail over three separate periods of incarceration in at least five different housing units. The amended complaint also challenges *inter alia* (a) the denial of access to the jail law library and indigent supplies; (b) the opening and tampering of incoming and outgoing mail and the removal of objects; (c) the denial of access to reading, educational and self-help materials; (d) oppressive

practices to maintain order, including the excessive use of force; (e) the denial of medical care; and (f) inadequacies in the prison grievance process and disciplinary proceedings.

On October 5, 2006, Plaintiff's claims challenging the denial of access to the jail law library and ADA violations were dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B); Plaintiff's claims for monetary relief on his conditions of confinement claims were dismissed for failing to meet the physical injury requirement of 42 U.S.C. § 1997e(e); and Plaintiff's claims related to the denial or delay of medical care at issue in No. 3:06-CV-0081-B, and his claims related to the May 8, 2005 excessive force incident and the subsequent denial of medical care at issue in No. 3:06-CV-0408-M were dismissed without prejudice as duplicative. As a consequence, the defendants sued in connection with the alleged denial of medical care, Parkland Memorial Hospital, Susan Phillips, Dr. Steven Bowers, and the University of Texas Medical Branch, were also dismissed on October 5, 2006. Therefore, the remaining Defendants are: Sheriff of Dallas County, Lupe Valdez; County Commissioner of the Dallas County Commissioners Court, Kenneth Mayfield; Chief Deputy of Detentions for the Dallas County Sheriff's Department, Edgar L. McMillan, Jr.; and Dallas County (collectively, the "Defendants").

## II.

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir. 1990). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hilton v. Sw. Bell. Tel. Co.*, 936

F.2d 823, 827 (5th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Material facts' are 'facts that might affect the outcome of the suit under the governing law.'" *Id.*

If the nonmovant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the nonmovant's case. *Little*, 37 F.3d at 1075. Rather, the movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* Once the movant meets his burden, the nonmovant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56). A party opposing a summary judgment motion cannot rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the summary judgment motion. See FED. R. CIV. P. 56(e); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995). In determining whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the nonmovant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000). However, if the nonmovant fails to establish a genuine issue of material fact as to all essential elements of his claim, the entry of summary judgment is mandated as to that claim. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991) (quoting *Celotex Corp.*, 477 U.S. at 322).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe his allegations liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). The Court has an obligation to construe *pro se* plaintiffs' briefs more

3

permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75.

## III.

### A.

The Defendants contend that Plaintiff's complaint must be dismissed because Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). "In *McCarthy*, the Supreme Court discussed a prior version of § 1997e, which it characterized as a statute 'impos[ing] a limited exhaustion requirement for [§ 1983] claim[s] brought by a state prisoner . . . provided that the underlying state prison administrative remedy meets specified standards.'" *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 150 (1992)). "In contrast, the current version at issue here provides no such discretion--exhaustion is mandatory." *Clifford*, 298 F.3d at 332 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted.")). *See also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The Dallas County Jail provides a two-step grievance procedure for inmates. The first step requires the inmate to submit the grievance to a staff member. After making a note of the date and time the grievance was received, the staff member delivers the grievance to the on-duty shift supervisor, who forwards it to the Grievance Board for review. After review and an investigation, if necessary, the Grievance Board will issue a written decision. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate

Grievance Appeal Board. The Appeal Board then reviews all of the documents submitted for the appeal and issues a decision, which can be reviewed by the Sheriff. An inmate is required to pursue his grievance at both steps to exhaust his administrative remedies. *See* Defs.' App. at 2, 44-49. *See also Medrano v. Dallas County Jail Medical Staff*, No. 3:04-CV-1913-M, 2005 WL 106573 at *2 (N.D. Tex. Jan. 18, 2005), *rec. adopted*, 2005 WL 877925 (N.D. Tex. Apr. 14, 2005), *citing Burnett v. Robertson*, No. 3:01-CV-1284-P, 2001 WL 1577495 at *2 (N.D. Tex. Dec. 7, 2001).

Defendants allege that Plaintiff failed to file the Step 2 grievance. Defs.' Br. at 5; Defs.' App. at 3. Although Plaintiff does not dispute this allegation, Plaintiff contends that "the defendants' practice and policy of interference, retaliation, and harassment against [plaintiff] inmates; which 'chills' the use of the procedure because inmates are intimidated and thereby unwilling and unable to raise substantial issues critical of the jail/sheriff's department or their employees." Pl.'s Resp. at 3. Furthermore, Plaintiff argues that "the defendant's current grievance procedure is 'available' only to certain inmates and even that 'availability' is only under certain capricious and arbitrary terms and conditions . . . ." *Id.* at 4. Therefore, Plaintiff contends that he has exhausted all the administrative remedies that the defendants have made available to him. *Id.* However, despite Plaintiff's argument regarding the unavailability of the grievance system, he stated in his answer to this Court's questionnaire that he has filed 24 grievances.[1] Therefore, it appears that Defendants' grievance procedure has been available to Plaintiff. Since Plaintiff has not exhausted

---

1. "Questionnaire answers given in response to a directive of the magistrate judge are unquestionably 'on file.' Because the responses are made under penalty of perjury, they are at least the equivalent of affidavits, which Rule 56(c) explicitly makes part of the summary judgment record. It is therefore arguable that these responses constitute competent evidence that is part of the summary judgment record." *Bookman v. Shubzda*, 945 F. Supp. 999, 1003 (N.D. Tex. 1996) (J., Fitzwater).

his administrative remedies, the statutory mandate of § 1997e(a) requires dismissal of Plaintiff's claims.

### B.

Defendants also contend that Plaintiff failed to establish an actionable claim under § 1983. Defs.' Br. at 5. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citations omitted). With respect to governmental entities such as Dallas County, "[u]nder the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving' force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "The three attribution principals identified here--a policymaker, an official policy and the 'moving force' of the policy--are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id*.

"Where as here, defendants do not have the burden of proof at trial, they may carry their summary judgment obligation by pointing out to the court that there is an absence of evidence to support [Plaintiff's] claims." *Bookman*, 945 F. Supp. at 1004. Defendants argue that there is no evidence that any of the individual defendants tampered with Plaintiff's mail or deprived Plaintiff access to constitutionally protected reading material in the jail. Defs.' Br. at 6; Defs.' App. at 3.

Defendants also argue that there is likewise no evidence that Dallas County's custom or policy was the moving force behind the alleged violations of Plaintiff's constitutionally protected rights. *Id.*

In his response to Defendants' summary judgment motion, Plaintiff states, "In the face of the verified complaint filed by plaintiff and the clearly established case law presented by plaintiff since the filing of this suit and in particular with respect to these claims currently before this Court, the defendants [sic] motion for summary judgment should be denied because this plaintiff has sufficiently alleged a violation of a clearly established constitutional right." Pl.'s Br. at 4 . "Because the opponent of a summary judgment motion must designate specific facts, it is not enough that he merely restate his claims–general allegations and self-serving conclusions unsupported by specific facts are not adequate." *Castillo v. Bowles*, 687 F. Supp. 277, 280 (N.D. Tex. 1988) (J., Sanders) (citing *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-22 (5th Cir. 1985); *Gossett v. Du-Ra-Kel Corp.,* 569 F. 2d 869, 872 (5th Cir. 1978)). "To satisfy [his] burden, the nonmovant is 'required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [his] claim.'" *Bookman*, 945 F. Supp. at 1004 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56). "Furthermore, the requirement that the party with the burden of proof set forth specific facts supporting his claim in response to a motion for summary judgment is not abandoned in *pro se* prisoner cases." *Castillo*, 687 F. Supp. at 280 (citing *Green v. McKaskle*, 788 F.2d 1116, 1119

7

(5th Cir. 1986)).

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment[.]" *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). "When a party fails to refer to items in the record, the evidence is not properly before the court in deciding whether to grant the motion." *Bookman*, 945 F. Supp. at 1004 (citing *Skotak*, 953 F.2d at 915; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)). Because Plaintiff failed to establish a genuine issue of material fact as to the essential elements of his claims, the entry of summary judgment is mandated. *See Dunn*, 927 F.2d at 872.

Since this Court finds that Defendants' summary judgment motion should be granted on the failure to exhaust basis and the failure to establish an actionable § 1983 claim basis, this Court does not address Defendants' qualified immunity argument.

**IV.**

For the reasons stated above, the Defendants' motion for summary judgment should be granted.

Signed, February 26, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

9